## LINES *v.* BENNER.

PRACTICE.—*Docketing of Causes.*—Where a cause had been docketed by the clerk for a certain day of the term, and it was called for trial on an earlier day, the plaintiff not being ready for trial on that day, having caused his witnesses to be subpœnaed for the day to which the cause was set on the docket, it was error to thereupon dismiss the action over the plaintiff's objection ; and it was not necessary, in order to present such ruling to the Supreme Court, that any opportunity should be offered to the lower court, by motion or otherwise, to review or reconsider its action.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*R. W. Baily* and *VanDevanter & McDowell,* for appellee.

DOWNEY, J.—This cause was set on the docket of the circuit court for the sixth day of the term by the clerk, and the plaintiff had caused his witnesses to be summoned for

that day.   The defendant had, for some reason not shown, summoned his witnesses for the fifth day of the term.   In calling the docket for the trial of causes, on the fifth day of the term, the court called this cause, and, the plaintiff not being ready to proceed with the trial, the court, over his objection, dismissed the action.   Proper exception was taken to the ruling, and it is assigned as error.

Counsel for the appellee think the question is not properly presented, because there was no opportunity offered to the court, by motion or otherwise, to review or reconsider its action.   We think no such motion, etc., was necessary. No motion for a new trial was necessary.   There was no trial.   No motion to set aside a default was necessary. There was no default.   The question is properly presented. The ruling of the court can not be sustained.   2 G. & H. 216, secs. 359, 360; *Norris* v. *Dodge's Adm'r*, 23 Ind. 190.

The judgment is reversed, with costs, and the cause remanded, with instructions to set aside the order dismissing the action.

### ON PETITION FOR A REHEARING.

DOWNEY, J.—In a petition for a rehearing, counsel for appellee refer us to the act of March 7th, 1873, Acts 1873, 103.   Counsel did not refer to this act, or rely upon it in the original brief.   It was referred to, however, by counsel for appellant, and was considered by the court.   We did not think, and do not now think, it can be so construed as to justify the action of the circuit court.   It gives the circuit judges of the State power, and makes it their duty, by proper order, to arrange and regulate the order of business in their respective circuits, and declares that, in making such order, they shall provide:

1. For the making up of issues and transaction of probate business.

2. For the trial of criminal cases.

3. For the trial of civil cases.

The petition is overruled.