HARTFORD FIRE INSURANCE COMPANY VS. WM. R. GREEN & Co., use, etc.

1. REMOVAL OF CAUSES FROM THE STATE COURT TO THE UNITED STATES COURT : *Act of Congress, March 2, 1867.*
   To authorize the removal of a cause from the state court to the United States court, the application must show that the controversy is "between a citizen of the state in which the suit is brought and a citizen of another state," and unless the application shows this fact, or it appears in the record, the court should refuse the application to remove the cause.
2. CONTINUANCE OF A CAUSE : *Discretion of the circuit court.*
   The circuit court has the discretion to allow or refuse an application for a continuance, and unless it be shown that this discretion has been abused it is not sufficient ground for a reversal of the judgment.
3. PLEADING : *Code of 1871, § 597.*
   This section provides that " if any party shall plead several pleas, replications,

or other pleadings together, except when allowed by law, the other party shall be entitled to judgment as for want of a plea," etc. When this section. is violated a motion to strike out the pleas should be sustained. The judg-. ment of *non pros.* authorized by this section is a final judgment, upon which costs are taxable. It may be set aside upon affidavit of merits, etc., but the court has no power to dispense with the affidavit required as condition of leave to plead, nor to mitigate the terms of pleading double, as fixed by the statute.

4. EVIDENCE: *Depositions.*

Objections cannot be made, on a trial had since the adoption of the Code of 1871;. to the reading of depositions of parties to the suit, taken before the adoption. of the Code of 1871, on account of the incompetency of the parties to so. testify. In such cases the specific objection should be made to the depositions, because they were taken before the adoption of the Code of 1871, when it was not lawful for parties to a suit to so testify. A party will be held in this court to the precise ground of objection made in the court below to the, admission of depositions.

5. INSTRUCTIONS TO THE JURY: *When they will be considered.*

This court will not review the action of the court below in giving, modifying, or · refusing instructions, unless all the evidence is embodied in the record.

ERROR to the Circuit Court of *Warren* County.

Hon. GEO. F. BROWN, Judge.

Defendants in error brought suit in the circuit court of Warren county against plaintiff in error, for loss under a policy of insurance made by plaintiff in error.

An application was made to remove the cause to the United' States circuit court, which was refused. The defendant in the court below pleaded the general issue and several special pleas. Plaintiffs below filed three replications to defendant's 4th plea, without leave of the court. A motion was made to strike out the 2d and 3d replications, which motion was. overruled, and defendant excepted and demurred to · the replications. The demurrer was overruled and defendant. excepted, and issue was joined and the case put to the jury, after the overruling of a motion for continuance.

On the trial the depositions of plaintiffs below were objected to, on the ground of incompetency. The objection was over-. ruled and defendant excepted. The trial resulted in a verdict for plaintiffs, and the case comes to this court on writ of error.

The following errors were assigned :

1. The court below erred in refusing to grant an order·

removing the cause to the United States circuit court, on petition and affidavit filed.

2. The court erred in refusing to continue the cause, on affidavit filed.

3. The court erred in refusing to strike out the 4th and 5th replications, and in overruling the demurrer of the plaintiff in error to the said 4th and 5th replications.

4. The court erred in permitting testimony to go to the jury as to the custom among the merchants of Vicksburg in stabling mules and horses upon insured premises.

5. The court erred in permitting M. S. Hasie, one of the plaintiffs, to state to the jury that W. T. Page, an agent of the plaintiff in error, knew that mules were stabled upon the insured premises.

6. The court erred in permitting defendants in error to read to the jury the depositions of Edward A. Greene and Christopher R. Greene, two of the plaintiffs below.

7. The court below erred in giving the 1st, 2d, 3d, 4th, 5th, and 6th instructions for the plaintiffs below.

8. The court erred in refusing to give the 5th and 6th instructions for plaintiff in error, and in modifying the same.

9. The court erred in refusing to grant a new trial.

10. The court erred in rendering judgment against the plaintiff in error, without any replication to the 5th and 6th pleas, and without making any disposition of the pleas.

*F. Johnston* and *Harris & Harris*, for plaintiff in error, insisted:

1. That the case should have been removed to the United States circuit court. Cited Acts of Congress of March 2, 1867, and July 27, 1866; 14 Stat. at Large, 306, 558; Railway Co. v. Whitlow, 13 Wall., 270; L., C. & C. R. R. Co. v. Letson, 2 How., 497; 16 ib., 314; Knorr v. Home Ins. Co., 25 Wis., 143; Morton v. Mut. Ins. Co., 105 Mass., 141; 56 Me., 417; Johnson v. Monell, Woolw., 395; 13 Am. L. Reg., 421; 13 Wall., 272, 273, 274; 9 Blatchf., 359; 40 Ind., 173; 5 W. Va., 79.

2. It was error to overrule the motion for a continuance.

Frank v. Wanzen, 3 C., 121; Ogle v. The State, 4 G., 387.

3. To the 4th plea, this being the 3d *special*, it was affirmative and concluded with a verification. To this plaintiff filed three replications, without leave of the court. Two of these should have been stricken out. 1 Ch. Pl., 649; Code, 1857, art. 105; Code, 1871, § 608; Hunter v. Wilkinson, 44 Miss., 728.

4. The contract contains an express clause against an increase of the risk, and the alteration of the property, or its application to other uses, is a question for the jury. 2 N. Y., 220; 17 Barb., 111; 4 Mass., 337; 10 Pick., 535; 19 Penn. St., 45; Phillips on Ins., § 137; 22 Pick., 116.

5. The testimony of Hasie was incompetent. The increase of risk rendered the *policy void.*

6. The depositions of Edward Green and C. R. Green, plaintiffs, taken in 1868, were not admissible in evidence on the trial in 1872. Code, 1857, art. 109, p. 510; Code of 1871, § 756.

7. The question was whether the insured had the right to increase the risk by using the second building as a stable. The instructions by the court took that question from the jury.

8. It was error to modify the instructions. There was no evidence of any waiver of the act of the plaintiffs in increasing the risk, except that the agent had been in the cellar and seen the stalls.

9. There should have been a new trial granted.

10. It was error to proceed to verdict with no reply to the pleas. 4 How., 352; 6 ib., 349; 42 Miss., 302.

*T. A. & M. Marshall,* for defendants in error:

1. The testimony was voluminous, but the real question was whether the danger of fire and consequent risk had been increased, after the issuance of the policy, by the firm having their dray mules fed in the basement of their store. The jury, by permission, went in person and examined the premises. There was no evidence to sustain the charge of fraud.

2.    The court could not order the cause removed to the United States circuit court, because the parties did not possess the requisite *citizenship* to give the United States court jurisdiction, as appears from the record. It should have been distinctly stated. 9 S. & M., 505. To enable a plurality of plaintiffs or defendants to be sued in the United States court, *each* must possess the requisite character of citizenship. 1 Paine, 410 ; 2 Cranch, 267 ; 15 Pet., 167 ; Conkling's Treatise, 75, 76 ; 19 Wall., 214.

3.    The question of continuance is in the discretion of the court, and it is not shown that the discretion has been abused.

4.    The third error assigned was immaterial. There was no question raised in the court below to the replication to the 3d plea of defendant, on the ground that they were filed without an affidavit.

5.    The question of increase of risk was fairly presented to the court. There was no error in admitting the testimony of Hasie, touching Page's knowledge of the mule stalls in the basement of the store. The evidence of waiver was very full. The refusal to pay the loss was based upon the ground of fraud, and this amounted to a waiver of all other grounds. See 50 N. H., 297 ; 6 Cush., 342 ; 1 Cranch, 257 ; 9 Johns., 192 ; Am. L. Reg. (March No.), 1875, p. 169 ; 16 Wend., 385 ; 25 ib., 379.

6.    The admission of the deposition of Green is not ground for reversal, whether properly admitted or not. It was admissible under the present statute, § 756. The deposition was taken on motion, without objection or motion to suppress, though on file for a year or more, and plaintiff must be confined to the questions raised in the court below.

7.    Reference is made to the following authorities bearing on the different questions presented : Fland. on Fire Ins., 541, 542 ; Post v. Ætna Ins. Co., 43 Barb., 351 ; Taylor v. Merchants' Fire Ins. Co., 9 How., 390 ; Phillips v. Protection Ins. Co., 14 Mo., 220 ; Orme v. Farmers' Joint Stock Ins. Co., 57 Barb., 518 ; Commonwealth Ins. Co. v. Sennett, Vt., 161 ;

Peoria M. & T. Ins. Co. v. Whitehill, 25 Ill., 466 ; Ætna Ins. Co. v. Taylor, 16 Wend., 385 ; O'Neill v. Buffalo Fire Ins. Co., 3 Comst., 122 ; Clark v. W. E. Mut. Fire Ins. Co., 6 Cush., 342 ; Underhill v. Aga. Mut. Fire Ins. Co., 6 Cush., 440 ; Graves v. Washington Mut. Ins. Co., 12 Allen, 391 ; Nor. & N. Y. Transf. Co. v. Western Mut. Ins. Co., 34 Comst., 561 ; Charleston Ins. Co. & Tr. Co. v. Nero, 2 McMull. (S. C.), 237 ; Protection Ins. Co. v. Harmer, 2 Ohio, 452 ; Rallins v. Columbian Ins. Co., 5 Foster, 200 ; Foster v. Belnap Co. Mut. Fire Ins. Co., 10 Foster, 231 ; Conover v. Mut. Ins. Co. of Albany, 1 Comst., 290 ; Jackson v. Massachusetts Mut. Fire Ins. Co., 23 Pick., 418 ; Pollard v. Somerset Mut. Fire Ins. Co., 42 Me., 231 ; Planters' Ins. Co. v. Comfort, MSS. opinion.

CAMPBELL, J., delivered the opinion of the court.

This is an action by defendants in error against plaintiff in error, on a policy of insurance issued by plaintiff in error in favor of defendants in error, on their stock of goods of different kinds, contained in a certain building in the city of Vicksburg, which were afterwards, and during the continuance of the policy, destroyed by fire. The trial resulted in a verdict and judgment for plaintiffs below, and defendant below prosecuted this writ of error, and assigns ten distinct grounds of error, which will be disposed of *seriatim*.

The first is the refusal of the circuit court to remove the cause to the United States circuit court on the application of defendant below, which is a corporation created by and existing under the laws of Connecticut. This application was based on the act of Congress of 2d March, 1867, on the subject of the removal of causes in certain cases from the state courts, and is fatally defective in not showing that the controversy is " between a citizen of the state in which the suit is brought (Mississippi) and a citizen of another state." While it does appear that " the Hartford Fire Insurance Company " is a citizen of Connecticut, it nowhere in the record appears that

22

the plaintiffs below were "citizens" of Mississippi. There was no error in refusing to remove the cause to the United States court.

The second error assigned is the refusal of the circuit court to continue the case on the application presented. Not being able to say that there was an abuse of the discretion possessed by the circuit court in this respect, we decline to sustain this assignment.

The next is the refusal of the court to sustain the motion of defendant below to strike out the two replications to its 4th plea. Defendant had pleaded six pleas. Plaintiffs, without leave of the court or judge, and without an affidavit, as required by § 608, Code of 1871, filed three replications to the 4th plea, and defendant moved to strike the two additional replications out, because the plea was answered by the first of the three, and the two additional replications were "pleaded improperly and without authority." This motion was denied, with leave to defendant to answer over, and defendant then demurred to the two replications spoken of, and, the demurrer being overruled, issue of fact was taken on said replications. Section 597, Code of 1871, declares "if any defendant or other party shall, without leave of the court, plead several pleas, replications, or other pleadings, together, except in cases where the same is allowed by law, the opposite party shall be entitled to judgment as for want of the proper pleading; but such judgment may be set aside on affidavit of merits and payment of costs, and such other terms as the court may think fit." The pleading of the three replications in this case was directly in the face of the statute, and defendant was entitled to judgment of *non pros.* against plaintiffs below. It was also proper to move to strike out the two unauthorized replications. This was the course in England, and has been sanctioned by this court. 1 Tidd's Prac., 567; ib., 658; 1 Ch. Pl., 563; Hunter *v.* Wilkinson, 44 Miss., 721. The motion to strike out should have been sustained, but by reason of its denial defendant below was put to a demurrer, and finally to an issue

of fact, on each of the two unauthorized replications. A judgment of *non pros.*, to which defendant below was entitled because of the unauthorized replications, is a final judgment, on which costs are taxable. It is true that § 597, *supra*, gives the court power to set aside the judgment in such case, *on affidavit of merits and payment of costs, and such other terms* as the court may think-fit, but this court has held, and correctly we think, that the court has no power to dispense with the affidavit required as the condition of leave to file several replications, or to mitigate the terms of pleading doubly, as fixed by statute. Hunter *v.* Wilkinson, 44 Miss., 721. It is urged in behalf of defendant in error that the issues made by the two additional replications spoken of were immaterial, and did no harm to defendant below, as they were not in fact tried, and that no instruction was given to the jury in reference to them, and they might as well have been out of the record. If we could pronounce this true, as a fact shown by the record, we are not prepared to say it would cure the error of disregarding the positive statute cited above. We perceive no way of redressing the wrong done defendant, in allowing replications not allowed by law, except by reversing the judgment rendered in the cause in which such error is committed. But in this case evidence was admitted, against the objection of defendant below, on the trial under the issues joined on the 2d and 3d replications to the 4th plea, and, although all of the issues joined between the parties were found for plaintiffs below, it is impossible for us to say how far such evidence contributed to carry the verdict against defendant below, which was a general verdict for plaintiffs.

The 4th and 5th assignments of error consist severally of objections made by defendant below to evidence offered by plaintiffs, pertinent to the issues joined on the 2d and 3d replications to the 4th plea; and, as we hold the refusal to strike out those replications, on motion, to be error, that disposes of these two grounds of error. If the replications were

unwarranted and illegal, everything based on them partakes of their infirmity.

The 6th ground of error assigned is the admission by the court, against objection of defendant below, of the depositions .of parties to the suit, taken before the adoption of the Code of 1871, which does not prohibit such depositions, as did the Code of 1857. The trial occurred after 1871. These depo-.sitions had been on file for a good while, and no exception in . writing had been filed, as required by § 799 of the Code, nor .other objection signified before the trial. It is claimed that .this was a waiver of objection to the depositions. The section .just cited from the Code does not require objections for "incompetency or irrelevancy" to be made before trial. It relates only to the *taking* of depositions, and leaves all questions of competency and relevancy to be settled as they arise during the trial. The point of the objection made to these depositions, when offered, is the "incompetency of the said (Messrs. Green) to testify in this suit by deposition," and no specific objection was made to their depositions because they were taken before the Code of 1871. If such specific objection had been made, *non constat* but that it might have been obviated. It is not true, as a legal proposition, that the plaintiffs below were incompetent to testify by deposition in this suit. It was admissible, after the Code of 1871, to take their depositions for use in this suit, and the specific objection made to the reading of their depositions did not go to the precise point of ·opposition which might have been urged to the depositions—*i. e.*, that they were taken at a time when it was not competent to use, on trial, the deposition of parties to the suit. A party will be held, in this court, to the precise ground of objection made in the court below to the admission of depositions. This objection was not well taken, and this ground of error fails.

The 7th ground of error assigned is the giving of instructions for plaintiffs. Not having all the evidence in the record, it cannot be said whether the instructions are correct

or not.   It cannot be said of them that in no state of case could they be proper, and not being informed what this case was, on all the evidence, the judgment cannot be disturbed on this ground.   The same may be said as to the modification of the instructions asked by defendant, and this disposes of the 8th assignment.

The 9th error assigned is the overruling the motion for new trial made by defendant below.   This motion was based on the grounds covered by previous assignments of errors, and because the jury found contrary to the evidence, which we cannot sustain, because the record does not purport to contain all the evidence.   The other grounds of the motion have been noticed before.

The 10th ground of error assigned is that certain pleas of defendant were not replied to, or otherwise disposed of.   This objection is met and disposed of by § 622 of Code of 1871; Insurance Co. v. Jones, 49 Miss., 80.

For the error of the circuit court in not sustaining the motion of defendant below to strike out the 2d and 3d replications to the 4th plea, the judgment is reversed and the verdict set aside, and the cause remanded, with instructions to the circuit court to grant the motion to strike out said replications, and otherwise to proceed in said case according to law and as indicated by this opinion.

SIMRALL, C. J., takes no part, having been connected with the case in the court below.