JOHN SCRIVEN v. JOHN M. HURSH AND ELIZABETH HURSH.

*Final order—Foreclosure decree for penal sum in bond.*

An order denying and dismissing a petition made before mortgage sale for leave to file an answer *nunc pro tunc* is final and appealable.

A decree on mortgage foreclosure for the face of a bond with interest, when the bond is in double the sum owed, is a fraud on defendant's rights and entitles him to an injunction against a sale under such decree.

Appeal from Isabella. Submitted June 12. Decided June 18.

INJUNCTION against foreclosure sale. The petition was dismissed and defendants appeal.

*Spaulding & Cranson* for complainant.

*Brown & Leaton* for defendants. Rehearing is granted for a plain error or omission affecting the decree, *Jenkins v. Eldredge*, 3 Story, 299; *Powell v. Batson*, 4 W. Va., 610; *Erwin v. Vint*, 6 Munf., 267; Adams' Eq., 399; Story's Eq. Pl., §§ 405-6; and when in the court's opinion justice will be thereby advanced. Chancery Rule 88; *Millspaugh v. McBride*, 7 Paige, 509; *Gerard v. Gerard*, 2 Barb. Ch., 73; *Brewer v. Dodge*, 28 Mich., 359; *Maynard v. Pereault*, 30 Mich., 161; *Taylor v. Boardman*, 24 Mich., 287; *Tower v. Divine*, 37 Mich., 443; *Beekman v. Peck*, 3 Johns. Ch., 415; *Bennett v. Winter*, 2 Johns. Ch., 205.

MARSTON, J. Complainant filed his bill to foreclose a mortgage. Subpoena was personally served upon both defendants. They did not appear, and a decree was rendered in favor of complainant, and the mortgaged premises advertised to be sold on the 16th day of November, 1877.

November 14th, defendants presented their petition in the court and cause, in which they attempted to excuse their not appearing and defending, and asking that the decree be vacated and they have leave to file their joint and several answer *nunc pro tunc*, and for farther relief. The court dismissed the petition, and from the order dismissing it defendants appealed.

We held in *Johnson v. Shepard*, 35 Mich., 115, that an order denying and dismissing such petition for leave to file a bill of review was final, and that an appeal could be taken.

Several reasons are set forth in the petition for vacating the decree; we shall however, notice but one at the present time.

The petition sets forth that the mortgage foreclosed was given to secure an indebtedness to one John Jeffrey. That defendant John Hursh being indebted to said Jeffrey in the sum of $1800, on the 23d day of November, 1872, executed and delivered to said Jeffrey his bond in the sum of $3514.46, payable on or before one year from the date thereof, with interest at the rate of ten per cent.

That this bond was conditioned for the payment of $3514.46, because Jeffrey represented to said Hursh that a bond should specify double the actual consideration, which statement was believed to be true.

Admitting this statement to be true, the claiming and taking a decree for the full face of the bond with interest thereon was a fraud upon the rights of defendants which would entitle them to the relief prayed.

We are of opinion that the order denying and dismissing the petition should be reversed and set aside with costs, and that the court should be directed to enter an order as prayed for in the petition.

The other Justices concurred.