SIMON KELLUM *v.* THE STATE.

1. CRIMINAL PRACTICE. *Verdict. Certainty therein.*
   K. was indicted and tried on a charge of grand larceny. The jury returned a verdict in these words: " We, the jury, find the ' defendd ' guilty as charged in the indictment." *Held,* that this verdict was good, as it evinces clearly the intention of the jury to find the defendant and no one else " guilty as charged in the indictment."

2. SAME. *Instruction, assigned for error. No evidence in record.*
   The supreme court will not reverse a judgment because of instructions given,

where the record contains none of the evidence, and it does not appear that such instructions would in no state of case have been proper. *Hartford. Ins. Co.* v. *Green*, 52 Miss. 332, cited.

APPEAL from the Circuit Court of Clay County.

HON. W. M. ROGERS, Judge.

Simon Kellum was indicted for grand larceny. He was tried and convicted. The verdict of the jury was as follows : " We, the jury, find the defendt " [or defendd] " guilty as charged in the bill of indictment." The defendant excepted to this verdict, and judgment having been rendered thereon, appealed to this court.

*Fred. Beall*, for the appellant.

Our statute is silent on what a verdict shall contain. We must therefore look to the common law and test this verdict by the principles of the common law. The verdict of the jury in this case does not name the defendant; it does not appear from the record that the verdict was written out, or, if written, whether on the indictment or on another piece of paper, it does not state of what they found the defendant guilty, but only " guilty AS charged in the bill of indictment." Not guilty of the crime charged in the bill, etc.

This falls very far short of what was required at common law. 2 Hawkins Pleas of the Crown 622 and note 2 ; *Clay* v. *The State*, 43 Ala. 350 ; *Levison* v. *The State*, 54 Ala. 520 ; *The People* v. *Ah Good*, 53 Cal. 627 ; *The State* v. *Belte*, 76 N. C. 10 ; *The State* v. *Blue*, 84 N. C. 807 ; *The State* v. *Lowry*, 74 N. C. 121.

*T. M. Miller*, Attorney General, for the State.

Trifling errors which cannot mislead and are evidently clerical afford no ground for an arrest of judgment. *Comm.* v. *McMahon*, 133 Mass. 394.

Defendant's name in the indictment was " Rich," in the verdict " Richard." *Held*, immaterial. *State* v. *Dodson*, 16 S. C. 453.

The law does not require jurors to be philologists. A verdict, therefore, finding the defendant guilty of " *mansluder* " was held to be valid. *State* v. *Smith*, 33 La. Ann. 33.

A verdict fixing the punishment at two years in the State " *penitenilery* " held valid. *Hoy* v. *State*, 11 Tex. App. 32.

The charge may be looked to and considered in determining questions involving the import of a verdict. *Vincent* v. *State*, 10 Tex. App. 330.

" We, the jury, find the defendant guilty to the amount of thirteen dollars." Sustained in trial for larceny. *Timmons* v. *State*, 56 Miss. 786.

In applying the rule that a verdict is not to be avoided unless from necessity, originating in doubt as to its import, immateriality of the issue, or tendency to work injustice, reference is to be had to the specific offense charged, and to the question whether a conviction thereon could be successfully pleaded in bar of a second prosecution. *Bland* v. *State*, 4 Tex. App. 15.

ARNOLD, J., delivered the opinion of the court.

The judgment is assailed in this case on the ground that the verdict was defective and insensible. The only objections made to the verdict is that in it the jury used the word "defendd" instead of defendant, and thereby failed to designate the prisoner. We are unable to determine from the record whether the abbreviation employed by the jury is "defendd" or "defendt," but whether it is the one or the other is immaterial.

There is no technical form of words in which a verdict is required to be rendered. Any words which convey, beyond reasonable doubt, the meaning and intention of the jury are sufficient, and all fair intendments will be made to support the verdict. 1 Bish. Cr. Pro., § 1005*a*; *The State* v. *Ryan*, 13 Minn. 370; *Singleton & True* v. *Sodusky*, 7 J. J. Marsh 341.

From the language used by the jury in this case there can be no doubt what they meant by their verdict. They were trying the appellant, and the only issue before them was whether he was guilty or not. Omitting what is objected to in the verdict, and their response to that issue was, " guilty as charged in the bill of indictment." To suppose that they meant to say either that somebody else was guilty as charged in the indictment, or that appellant was not guilty, requires a degree of felicity in the arts of doubting and of technical gymnastics which we do not possess. In

the interpretation of verdicts and the administration of law at this day the judicial eyes are not closed against the light of common sense. In *Singleton & True* v. *Sodusky, supra,* exceptions were taken to a verdict somewhat similar to the one in this case; and Chief Justice Robertson, speaking for the court, said, truly: " The judge who would not enter judgment on such a verdict would scarcely, if ever, find a jury able to write a verdict in language so explicit, technical, or exact as to suit the fastidiousness of his judicial taste or conquer the skepticism of his learned head."

Error is assigned on the action of the court in giving certain instructions for the State; but there is no evidence in the record, and as it cannot be said of the instructions given that in no state of case could they be proper, we cannot disturb the judgment on that account. *Hartford Ins. Co.* v. *Green,* 52 Miss. 332.

*Affirmed.*