## APPEAL OF JOHN BARBEY.
## [JOHN BARBEY v. ANNA BARBARA BEAVER.]

APPEAL FROM THE DECREE OF THE COURT OF COMMON PLEAS
OF BERKS COUNTY, IN EQUITY.

Argued March 1, 1888—Decided March 26, 1888.

Under the Equity Rules, § 31, a defendant in equity may plead or demur
to the whole bill, or to part of it, and he may demur to part, plead to
another part and answer to the residue; but he may not plead or answer,
and demur also, to the whole bill or to the same part of it, as in such
case the demurrer is overruled by the answer.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and
CLARK, JJ., TRUNKEY and WILLIAMS, JJ.; absent.

No. 287 January Term 1888, Sup. Ct.; court below, No. 442
Equity D. 1887.

On November 14, 1887, John Barbey filed a bill in equity
against Anna Barbara Beaver in which it was set forth that
the defendant, being the owner in fee of a certain house and
lot on North Fifth street in Reading, appointed John C. A.
Hoffeditz her agent to take charge of it, to collect the rents,
etc., and authorized him to sell and dispose of it with power to
employ any person under him for that purpose; that the said
Hoffeditz, acting under said authority, placed the said property
in the hands of George P. Zieber, a real estate agent, and
directed and authorized him to sell it for $3,000; that said
Zieber, under the power and authority conferred upon him, on
November 1, 1887, contracted and agreed with the plaintiff to
sell the said property to the plaintiff for the sum of $3,000,
and that the plaintiff on the same day paid Zieber $300 on ac-
count of the purchase money and agreed to pay the balance
upon delivery to him of the proper deed; that the plaintiff had
tendered to the defendant, through said Zieber and through said
Hoffeditz, the balance of the purchase money and was ready
and willing to pay the same at any time, but the defendant had
refused and still refused to receive it and to make a convey-

ance to the plaintiff; praying for a decree of specific performance, an account of the rents, issues and profits and for general relief.

On November 30, 1887, the defendant filed a demurrer and an answer. The grounds of the demurrer were :

1. The said plaintiff's bill does not set forth that any power, contract, letter of attorney, or other written authority to convey an estate in lands was ever executed by said defendant, as required by the acts of March 21, 1772, and April 22, 1856.

2. That the plaintiff has not, in and by his said bill, made or stated such a case as entitles him to any relief against her as to the matters contained in said bill.

Wherefore, etc.

The answer, aside from the admissions of ownership, denied in formal manner that the defendant had authorized the sale of her property in the manner alleged; or that any such agreements as alleged, existed; or that she had ever executed any power of attorney authorizing Hoffeditz to dispose of the property, or had directly or indirectly authorized Zieber to make any contract therefor in her name, etc.

The demurrer having been set down for argument at the instance of the defendant, the court, ERMENTROUT, J., on January 9, 1888, filed the opinion and decree :

Decrees in equity for specific performance are not matters of right; they are within the discretion of the chancellor, and of grace. It is not stated in the bill whether this contract for the sale of lands was in writing, and counsel for defendant says upon the argument it was not, and counsel for plaintiff declines to say that it was. If in parol, the case of Hart v. Carroll, 85 Pa. 510, and the statute of frauds would be decisive against plaintiff's bill. It is not, however, necessary to discuss this feature of the case. No possession or improvements followed the contract; there was a payment of a small sum of 10 per cent. as down-money, and this payment can be compensated, as also any other legitimate damages, in an action at law. The case of Weise's Appeal, 72 Pa. 351, covers the present case in every respect. The facts as to the character of the contract are very similar, and the party was left to his remedy at law.

And now, to wit, January 9, 1887, this cause came on further to be heard, whereupon it is ordered, adjudged, and decreed that the demurrer be sustained, and bill dismissed with costs.

Thereupon the plaintiff took this appeal assigning as error the sustaining of the demurrer and the dismissal of the plaintiff's bill.

*Mr. J. H. Jacobs* (with him *Mr. H. A. Zieber*), for the appellant:

1. The case was heard upon bill and demurrer simply. The demurrer was general and to the whole bill. If the case had been heard upon bill and answer, Weise's App., 72 Pa. 351, might have been applicable if the facts had been similar, but the facts not being before the court that authority in no way bore upon the bill. And in Hart v. Carroll, 85 Pa. 510, both sides were heard on a trial by jury. As a demurrer relies merely upon matter apparent on the face of the bill, so much of a bill as the demurrer extends to, is taken as true: Mitford, 305, 306; 1 Daniel, 565, 566.

2. The courts will not presume a contract to be illegal. If the bill state that an agreement has been made, on demurrer the contract will be presumed to have been reduced to writing and signed by the parties: Cozine v. Graham, 2 Paige 177; Farnham v. Clements, 51 Me. 426; Dudley v. Bucherder, 53 Me. 403; Lincoln v. Purcell, 2 Head 143; 7 Wait, Act. & Def., 65.

*Mr. C. H. Schaeffer*, for the appellee:

1. A decree for specific performance is of grace and not of right. It rests in the discretion of the chancellor: Pennock v. Freeman, 1 W. 409; Weise's App., 72 Pa. 354; Neeld's App., 70 Pa. 113; Alexander's App., 118 Pa. 610; Helfenstein v. Leonard, 50 Pa. 461. The bill alleges but a bare purchase and payment of hand money to a real estate agent, with no equities to call for the grace of a chancellor.

2. Equity Rule 17 requires a succinct statement of the facts upon which plaintiff asks relief. The bill does not aver an authority in writing to Hoffeditz or that the latter authorized Zieber in writing, or that a contract in writing was made by

either with the plaintiff: Act of March 21, 1772, P. L. 389; § 4, Act of April 22, 1856, P. L. 533; Squires v. Ridgeway, 1 Leg. Gaz. R. 510.

3. Payment of part or the whole of the purchase money is not such a part performance of a contract as will take the case out of the statute: Goucher v. Martin, 9 W. 109; Hart v. Carroll, 85 Pa. 510; Wood v. Farmare, 10 W. 195; Frye v. Shepler, 7 Pa. 91; Brawdy v. Brawdy, 7 Pa. 157; Aitkin v. Young, 12 Pa. 15; Rankin v. Simpson, 19 Pa. 471; Wack v. Sorber, 2 Wh. 387; McKowen v. McDonald, 43 Pa. 441.

OPINION, MR. JUSTICE PAXSON:

The demurrer in this case goes for nothing. It is overruled by the answer. The defendant demurred to the whole bill and at the same time answered the whole bill. This is not allowable under the rules of equity pleading. They cannot stand together.

A defendant in equity is permitted by the rules to plead or demur to the whole bill or to part of it, and he may demur to part, plead to another part, and answer as to the residue: See Equity Rules, § 31. But he may not plead or answer, and demur also, to the whole bill or to the same part of the bill. If he demur to part and answer to the same part, both cannot stand. The demurrer in such case is overruled by the answer. With much more reason is this the case when there is a demurrer to the whole and an answer to the whole. This rule of equity pleading is so well settled that no argument is necessary. It is sufficient to refer to 1 Daniel Chan. Pr., 660; Mitford Eq. Pl., 209; Story's Eq. Pl., § 442.

> The decree is reversed at the costs of the appellee; the demurrer is overruled; the bill reinstated with directions to the court below to proceed therewith according to the practice in equity.