## E. O. MURDOCK v. LUTHER MARTIN, ET AL.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 8, 1890—Decided February 3, 1890.
[To be reported.]

1. The entry of a judgment of nonsuit, without the plaintiff's assent, express or implied, upon a rule to show cause why he should not file a more specific statement of claim, is a definitive decree; a writ of error will lie to such judgment, and as to such a proceeding Haverly v. Mercur, 78 Pa. 257, is inapplicable.

2. The requirement of the procedure act of May 25, 1887, P. L. 271, that the plaintiff's statement shall be such as is provided by § 5, act of March 21, 1806, 4 Sm. L. 328, does not oblige him to disclose his case with the same nicety and precision of averment as was required in a declaration.

3. As the purpose of the legislature was merely to simplify the practice, it was not the intention to require the plaintiff to embrace in his statement what, in the very nature of the particular case, he could not know, and the knowledge of which was wholly within the power of his adversary.

4. Wherefore, a statement of a claim for commissions due from defendant upon sales of goods under a written contract, embracing all that the plaintiff could know and giving the defendants an opportunity by inspection of their books and papers, to compute the exact amount due, was sufficient to require an affidavit of defence.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 268 January Term 1889, Sup. Ct.; court below, No. 291 September Term 1886, C. P. No. 1.

On October 9, 1886, Edwin O. Murdock brought case against Luther Martin, Jr., and Robert W. Martin, surviving Luther Martin, trading as L. Martin & Co., and on December 6, 1886, filed a narr declaring for the recovery of commissions claimed to be due from the defendants upon sales of lampblack under a written contract between the parties. On December 10th, the plaintiff filed a bill of particulars of his claim.

After an amended narr and a demurrer thereto had been

Statement of Facts.

filed and withdrawn, on October 1, 1887, the plaintiff filed a statement of claim under the act of May 25, 1887, P. L. 271, verified by affidavit and averring as follows:

"This action is brought against Luther Martin, Jr., and Robert W. Martin, as surviving partners of the late firm of L. Martin & Co., upon a written contract dated January 24, 1884, and made between the said plaintiff and the defendants, together with their partner, Luther Martin, trading as aforesaid, whereof a true copy is hereto annexed, marked exhibit A, and to be taken as a part hereof, for the recovery of the five per centum commission therein agreed to be paid to the plaintiff by the said firm. The said Luther Martin, the elder, died before the bringing of this action, leaving the said two defendants to survive him. The plaintiff has fully performed his part of the said contract, and now claims in this action the said commission, from the date of the said contract, upon all deliveries and sales made by the said firm, as provided in the said contract. The said commission amounts to a large sum, whose precise amount cannot be stated, and is only to be ascertained from the books of the said firm, to which access cannot be had by the said plaintiff; the plaintiff believes and claims that the amount due him and to be recovered in this action, will not exceed the sum of $100,000.

Attached to the foregoing statement, as exhibit A, was a copy of a contract between the defendant firm, of the first part, and the plaintiff, of the second part, containing seven paragraphs, certain of which were the following:

1. The party of the second part shall have the exclusive sale in the city of Boston, in the state of Massachusetts; in the cities of New York and Brooklyn, in the state of New York; in the cities of Jersey City and Newark, in the state of New Jersey; in the city of Philadelphia, in the state of Pennsylvania; in the city of Baltimore, in the state of Maryland; and in the city of Chicago, in the state of Illinois, and in the places where the purchasers doing business in said cities have factories in which said lampblack is used, of the lampblack manufactured, supplied, or delivered to purchasers by the parties of the first part, for the period of ten years from the date of these presents.

2. The party of the second part shall use his best endeavors

Statement of Facts.

in effecting the sale of the said lampblack, and during the continuance of this agreement shall offer for sale none other, without the consent in writing of the parties of the first part.

3. The party of the second part shall receive from the parties of the first part, and the parties of the first part hereby agree to pay to the party of the second part, upon all deliveries upon sales of said lampblack made by him or them in the places aforesaid, or made by the party of the second part elsewhere, a commission of five per cent upon the net price of said lampblack and its packages, at the place or places to which it is shipped.

4. When sales are once made by the party of the second part in other places than those specified in the first article of this agreement, to persons to whom the parties of the first part have not theretofore sold within one year preceding the date of the sale made by the party of the second part, then upon all future sales made to said persons, within the ten years aforesaid, whether through the party of the second part or otherwise, the party of the second part shall receive the commission specified in the third article of this agreement.

5. When sales are made by the party of the second part to persons in other places than those specified in the first article of this agreement, to whom the parties of the first part have sold within one year preceding the date of the sale made by the party of the second part, then the said party of the second part shall receive the commission mentioned herein, only upon each sale so made by him.

On the day the said statement was filed, a rule was taken upon the plaintiff to show cause why he should not file a more specific statement of claim, the defendant alleging the following grounds of insufficiency:

1. It does not appear from the said statement upon what the five per cent commission, to recover which suit is brought, is to be calculated.

2. The said statement is insufficient, because it does not contain in itself any intelligent statement of plaintiff's cause of action.

3. The said statement is insufficient, because it does not contain any specifications of time.

4. The said statement is insufficient, because it does not give

the defendants any statement of the amount for which suit is brought.

On October 15, 1887, the rule was made absolute, and on October 21, 1887, the plaintiff filed the following additional statement, verified by affidavit and averring :

" 1. That the five per centum commission is to be calculated upon the net price of all the lampblack and its packages at the place or places to which it was shipped and delivered upon sales of the said lampblack made by plaintiff or defendants in the places mentioned in the first clause of the agreement sued on, or by the plaintiff elsewhere. And also upon all sales, whether through the plaintiff or otherwise, under the fourth clause of the agreement sued on. And also upon each sale made by the plaintiff, under the fifth clause of the agreement sued on.

" 2. That the time within which the said commissions were earned is from the date of the contract sued on until the death of Luther Martin ; and thereafter, until the bringing of this suit, upon all deliveries upon sales within the terms of the agreement sued on, made in closing up the business of the said firm.

" 3. That the amount for which suit is here brought is $50,000.

" 4. That this additional statement is to be read into and as a part of the statement already filed, with the same effect as if repeated there, except as to the amount for which suit has been brought."

On October 24, 1887, another and like rule upon the plaintiff was taken, and like grounds filed therefor. This rule was made absolute on December 13th, and on December 20th, the plaintiff filed the following additional statement, verified by his affidavit :

" The said plaintiff, in obedience to the order of the said court, files the following additional statement of his claim, to be taken as a part of and read with the statement and supplemental or additional statement already on file.

" The plaintiff claims the commission of five per centum upon all the orders mentioned in the schedule hereto annexed and marked exhibit A, and also upon all orders sent direct to the said defendants, and not passing through the hands or

coming into the knowledge of the said plaintiff, but upon which the said plaintiff is entitled to a commission, under the agreement sued upon. The plaintiff had no connection whatever with the shipments, and cannot now give a detailed list of them; they are well known to the defendants and could be easily furnished from their books, if access thereto would be permitted.

"The plaintiff is advised that he cannot be required to furnish to his adversaries, in advance of the trial, the evidence by which he will establish his claim."

Attached to this last statement was a list of 'sales to certain mercantile firms, the dates and items thereof being given, but without the amounts of the commissions claimed thereon by the plaintiff.

On December 21, 1887, still another and like rule upon the plaintiff was taken, ·and like reasons filed therefor, and on April 5, 1888, the following order was made : " Upon consideration of answer of plaintiff to rule of December 21, 1887, filed December 21, 1887, [not printed in paper-books], the court being satisfied of its insufficiency, the court enter a judgment of nonsuit." Thereupon the plaintiff took this appeal, specifying that the court erred:

1. In entering a judgment of nonsuit, although the statement contained a specific averment of facts sufficient to constitute a good cause of action.

2. In entering a judgment of nonsuit, though the statement contained as specific an averment of the amount claimed to be justly due, as the circumstances of the case, set forth specially, admitted of.


*Mr. John B. Uhle,* for the appellant:

1. After the procedure act of May 25, 1887, P. L. 271, became a law, the courts of Philadelphia county adopted a rule of court providing that "plaintiff's statement shall contain a specific averment of facts sufficient to constitute a good cause of action." The statement filed in this case meets the requirements of this rule and of § 5, act of March 21, 1806, 4 Sm. L. 328. The precise date of the contract is specified, and a copy of the agreement is attached. Besides the date, a statement under the act of 1806 has no indispensable requirement which

Arguments.

is not made so by the act. The cause of action must be set forth intelligibly so as to exhibit an available cause of action, but performance of conditions precedent, and everything beyond the defendant's engagement to pay, may be omitted: Snevely v. Jones, 9 W. 433; Boyd v. Gordon, 6 S. & R. 53; Reed v. Pedan, 8 S. & R. 263. "In all the described cases of plain demands for money, substance only is required; that which is sufficient to apprise the defendant of the time of the contract, its nature, whether founded on simple contract, or specialty, together with the amount the plaintiff claims as really due:" Dixon v. Sturgeon, 6 S. & R. 26. The form of statement adopted in this case was commended in Morgan v. Farmers Bank, 3 P. & W. 391.

2. While this statement does not contain an explicit averment extending to the last penny of the whole amount claimed, the plaintiff is as explicit as under the circumstances it was possible for him to be. The percentage to which he was entitled under the contract is set forth, but the amount of sales upon which the calculation was to be made was exclusively with the knowledge of the defendants, to whose books the plaintiff could not have access until the trial. The rule of pleading is that no greater particularity is required than the nature of the thing pleaded will conveniently admit: Stephen on Pleading, *367. As applied to the modern methods of conducting litigation, this rule relieves a pleader from stating particulars not supposed to be within the pleader's knowledge : Bliss on Code Pleading, § 309. Consequently, less particularity is required when the facts lie more within the knowledge of the opposite party: Stephen on Pleading, *370; Bliss on Code Pleading, § 310. In ordering bills of particulars, the court, in the exercise of a sound judicial discretion, may require the month or the year only, when the precise day cannot be stated: Humphry v. Cottleyon, 4 Cow. 54; Blackie v. Neilson, 6 Bos. (N. Y.) 681.

*Mr. Richard C. Dale*, for the appellees :

1. The entry of nonsuit, from which this appeal is taken, is not a final judgment. By its entry the rights of the parties are in nowise concluded. The plaintiff is still at liberty to bring a new action, upon the payment of the costs. A writ of

error is never permitted to an entry of nonsuit. By statute, where a compulsory nonsuit has been entered at the close of the plaintiff's evidence, and a motion to take the nonsuit off has been considered by the court in banc and refused, a writ of error is allowed, but in such case the action of the court is treated as a judgment upon a demurrer to the evidence. The present case does not come within the provisions of the statute, and if it did, the plaintiff has failed to bring himself within the requirements under which a writ of error is allowed to an order refusing to take off a nonsuit: Haverly v. Mercur, 78 Pa. 257.

2. The rule of court under which the nonsuit was entered is as follows: "Section 126 d. In default of such requisites, the statement or notice may be demurred to, or a rule may be had for a more specific statement or notice. On such demurrer, the court may give final judgment, or order a more specific statement or notice; and where such more specific statement or notice is ordered and not furnished, the court may enter a nonsuit or judgment by default, as the case may require." Under the act of 1887, the requirement is "for a concise statement of the plaintiff's demand, as provided by the fifth section of the act of the twenty-first day of March, A. D. 1806." The requisites of a statement under the act of 1806 are, that it shall "particularly specify the date of the promise . . . . . on which the demand is founded, and the whole amount that he, she, or they believe is justly due to him, her, or them from the defendants."

3. It will thus be perceived that while the system of informal pleading prescribed by the act of 1806 was a departure from the technical formularies of the common law, it introduced, at least in one respect, a stricter requirement than that of common-law pleading, in that it required the plaintiff to particularly specify the amount which the plaintiff believes is justly due to him from the defendant. In common-law pleading the only requisite in the statement of the amount of the claim is, that the pleader should make it sufficiently large to cover any possible recovery; but, in the new form of pleading, it is incumbent upon the plaintiff to give to the defendant a statement of the particular amount which he believes is justly due: Gould v. Gage, 118 Pa. 559.

OPINION, MR. JUSTICE CLARK:

The new procedure act of May 25, 1887, P. L. 271, so far as
it has any relevancy to this case, provides that the plaintiff's
declaration, in the action of assumpsit, " shall consist of a con-
cise statement of the plaintiff's demand, as provided by the fifth
section of the act of the 21st day of March, Anno Domini one
thousand eight hundred and six," which " shall be accompanied
by copies of all notes, contracts, book-entries," etc., " upon
which the plaintiff's claim is founded," etc.; the statement
" shall be signed by the plaintiff, or his attorney; " and, " in the
action of assumpsit, shall be replied to by affidavit; " and "judg-
ment may be moved for for want of an affidavit of defence, . . .
for the whole or a part of the plaintiff's claim, as the case may
be, in accordance with the present practice in actions of debt
and assumpsit."

The fifth section of the act of March 21, 1806, provides that
the plaintiff, in certain cases, shall file " a statement of his, her,
or their demand, particularly specifying the date of the prom-
ise, book-account, note, bond, penal or single bill, or all or any
of them, on which the demand is founded, and the whole
amount that he, she, or they believe is justly due to him, her,
or them from the defendant." The requirement of the act of
1887, therefore, is that the statement shall be such as is pro-
vided by the act of 1806; that it shall be signed by the plaint-
iff or his attorney, and shall be accompanied by a copy of the
obligation in suit.

The act of 1806 does not oblige the plaintiff to disclose his
case, in a statement, with the same nicety and precision of
averment, as was required in a declaration, for that would de-
feat the very purpose of the statute: Boyd v. Gordon, 6 S. & R.
53. The object is merely to inform the defendant with reason-
able accuracy of the nature and extent of the plaintiff's claim:
Purviance v. Dryden, 3 S. & R. 405.

The statement filed in this case sets forth that the action
was brought " upon a written contract dated January 24, 1884,
made between the plaintiff and the defendants, together," etc.,
whereof a true copy is annexed, " for the recovery of the five
per centum commission therein agreed to be paid to the plaint-
iff by the said firm; " that " the plaintiff has fully performed his
part of the contract, and now claims in this action the said

commission, from the date of the said contract, upon all deliveries and sales made by the said firm, as provided in the said contract." The statement then proceeds as follows : " The said commission amounts to a large sum, whose precise amount cannot be stated, and is only to be ascertained from the books of the said firm, to which access cannot be had by the said plaintiff ; the plaintiff believes and claims that the amount due him, and to be recovered in this action, will not exceed the sum of $100,000." This is verified by the plaintiff's affidavit, as to the truth of the matters therein set forth.

In the first more specific statement, subsequently filed, the plaintiff defines with more particularity the nature of his claim under the first, fourth, and fifth paragraphs of the contract, and states that the amount for which suit is brought is $50,000. In the second supplementary statement, the plaintiff undertook to set forth, in a schedule, some of the particular items of his claim, but claims, in addition thereto, commissions "upon all orders sent direct to the said defendants, and not passing through the hands or coming to the knowledge of the said plaintiff, but upon which the plaintiff is entitled to a commission, under the agreement sued upon." The plaintiff in his statement then proceeds to say that he "had no connection whatever with the shipments, and cannot now give a detailed list of them ; that they are well known to the defendants, and could be easily furnished from their books, if access thereto would be permitted," etc. To this also the plaintiff appends his affidavit.

Under the special circumstances of this case, as disclosed by the affidavits of claim, owing to the peculiar terms of the contract, and the methods of business adopted by the parties, was it possible for the plaintiff, in the preparation of these statements, to do more than he did ? By the terms of the agreement Murdock was entitled, in any event, to commissions upon all sales in the cities of Boston, New York, and Brooklyn, Newark, and Jersey City, Philadelphia, Baltimore, and Chicago ; and also in all such places as the purchasers doing business in these cities, respectively, had factories in which lampblack was used, and that, whether the sales were made through the plaintiff's agency, or directly by the defendants. The plaintiff was also entitled to a commission upon all sales

elsewhere, by whomsoever made, excepting as provided in clauses four and five of the contract. Whilst Murdock might be supposed to have an account of his own sales, made pursuant to his agency, he would know nothing of their consummation by delivery; much less could he be presumed to know of the sales which the defendants themselves made. The accounts were therefore necessarily in the keeping of the defendants, and were wholly within their knowledge and control.

Now, it is plain that, as the purpose of the legislature was merely to simplify the practice, it was certainly not the intention to require the plaintiff to embrace in his statement what, in the very nature of the particular case, he could not know, and the knowledge of which was wholly within the power of his adversary. If the agreement in suit had been, by accident, lost and destroyed, and no copy of it remained, would the plaintiff, after substantially stating its contents, be driven out of court upon a demurrer or a nonsuit because the statement was not accompanied by a copy? Or if, in like case, the agreement in suit had come into the defendant's hands, would it not be sufficient, after having given its contents substantially, to refer the defendants to the instrument itself, in their own hands, for the exact words and phraseology thereof? We think it would; and, if so, then it was certainly sufficient for the plaintiff, under the special facts of this case, having given a copy of the contract, the nature and extent of his claim under it, and the period of time covered by it, to refer the defendant to the entries upon their own books, for the ascertainment of the exact amount. That was certain, which was thus capable of being made certain. But it was simply impossible, if the statements filed are true, for the plaintiff to set forth the amount which he believed was justly due to him, for he could have no belief on the subject; even an estimate must necessarily have been founded on conjecture, and would have been little better than a guess. Having embraced in his statement all that he could know, he gave the defendants an opportunity, by inspection of their books and papers, to compute the exact amount which, according to the plaintiff's own showing, was justly due him; and this was all, upon any reasonable application of the requirements of the act of assembly and the rule of court to this particular case, that could be demanded.

Syllabus.

That a writ of error lies upon a judgment of nonsuit, thus entered, without the assent of the plaintiff, express or implied, there can be no doubt. The entry of a nonsuit, in such case, is a definitive decree; it ends the suit. The plaintiff may bring another action, but he is undoubtedly entitled to test the decree, which drives him out of court and charges him with the payment of the costs. This is not the case of a peremptory nonsuit, entered at the trial upon the insufficiency of the plaintiff's proofs, under the act of March 11, 1875, P. L. 6, where a writ of error, by the express provision of that statute, lies only upon the refusal of the court to take the nonsuit off. The case of Haverly v. Mercur, 78 Pa. 257, has therefore no application.

We are of opinion that this nonsuit should not have been entered, and

The judgment is therefore reversed, and a procedendo awarded.