# Thomas Roberts & Company *v.* Andrews & Company.

*Breach of contract—Measure of damage—Evasive affidavit.*

While market price and market value do not necessarily mean the same thing, yet where the article is such as is regularly for sale in the market, the one generally determines the other.

A breach of contract to deliver certain goods at a fixed price being admitted, the measure of damages is the difference of market value at the time of breach, and an affidavit of defense is properly held insufficient when it denies the correctness of the damages claimed in language which is vague, uncertain and evasive.

*Contract—Qualifying word " about "—Words and phrases.*

The addition of the qualifying word " about " in a contract for the delivery of an otherwise specific number of cans of peas is only for the purpose of providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, etc.

Argued Oct. 2, 1900. Appeal, No. 223, Oct. T., 1899, by defendants in suit of Thomas Roberts & Company against J. B. Andrews & Company, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 57, for want of a sufficient affidavit of de-

fense.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.    Opinion by W. D. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that the contract in writing was made and entered into by and between the defendants, acting through their duly authorized brokers, Bulifant & Company, and the plaintiff, as follows :

                    "PHILADELPHIA, June 12th, 1899.
"Sold to THOMAS ROBERTS & CO.,
    "For account of J. B. ANDREWS & Co.,
        "Hurlock, Md.

"Lot about one thousand (1,000) c⁄s E. J. Peas 'Andrews' Brand,' at 67½c dozen, delivered at Philadelphia, subject approval one case samples.    Goods to be shipped promptly on approval of samples.

"Terms: Cash less 1½ per cent.

"Thomas Roberts & Company guaranteed against loss or damage from swells and hidden defects for twelve months from. date of delivery.

"Packing of 1899.
                        "BULIFANT & Co.,
                              "C."

On June 23, 1899, the said defendants finally and positively declined to comply with his contract aforesaid, and have ever since declined so to comply.

The value of the said 1,000 cases of peas at the contract price of sixty-seven and one half cents per dozen was $1,350, and the market or selling price, at Philadelphia (the point of delivery) of such goods as under the said contract the defendants were bound to deliver, was at the time of the refusal of the defendants to comply with his contract, namely, on June 23, 1899, $1,760, so that by reason of the failure of the said defendants to perform his contract and deliver the said 1,000 cases of peas, the said defendants are indebted to the said plaintiffs in the sum of $410, this being the loss to the plaintiffs by reason of the breach by the defendants of his contract aforesaid.

Defendants filed the following affidavit of defense :

Deponent on June 9, 1899, authorized Bulifant & ·Company, brokers, doing business in Philadelphia, to sell for him certain peas packed by defendant, among them being a lot of about 1,000 cases of peas known as No. 38, at sixty-seven and one half cents per dozen cans, there being two dozen cans in each case.

On June 15, 1899, immediately on receipt of information from Bulifant & Company that they had sold to Thomas Roberts & Company the said lot of about 1,000 cases of peas known as No. 38, or " E. J. Peas 'Andrews' Brand' " at sixty-seven and one half cents per dozen, defendants notified said Bulifant & Company that they would not confirm said sale to Thomas Roberts & Company, and would not deliver said peas, which refusal to confirm said sale and deliver said peas was at once communicated to the plaintiffs on or before June 16, 1899, by Bulifant & Company. Deponent avers that the said peas No. 38, or " E. J. Peas Andrews' Brand " were not worth more at Philadelphia on June 15, 1899, than the said price of sixty-seven and one half cents per dozen, and deponent further says that on June 23, the said peas or similar peas were not worth the sum of $1,760, as alleged by plaintiffs.

Deponent further avers that the actual number of cases of said No. 38, or " E. J. Peas Andrews' Brand " that he had and which he could have supplied to said T. B. Roberts & Company, had deponent confirmed and ratified the alleged sale by said Bulifant to said T. B. Roberts & Company of said "lot about one thousand (1,000) c⁄s E. J. Peas 'Andrews' Brand'" did not exceed 700 cases by actual count, and that said T. R. Roberts & Company, under the custom of trade, could not have required deponent to have delivered more than the number of cases deponent actually had of said peas, the word " about " indicating the quantity to be uncertain.

The court below entered judgment in favor of plaintiffs for want of a sufficient affidavit of defense, and damages were assessed at $421.89. Defendants appealed.

*Error assigned* was in making absolute plaintiffs' rule for judgment for want of a sufficient affidavit of defense.

*William M. Stewart, Jr.,* with him *Frederick S. Drake* and *John Sparhawk, Jr.,* for appellants.—It is difficult to conceive a clearer case of an issue of fact. Surely if defendants' statement is to be taken as true, plaintiffs' claim .for damages cannot be sustained because it is based upon the market price on June 23, 1899.

Plaintiffs' damages, in a case like this, where there was an executory contract for the sale and delivery of articles that could readily be bought in the market, is the difference between the agreed price and what it would have cost the buyer if he had gone into the market and purchased similar goods on June 16, when the contract was rescinded : 2 Addison on Contracts, 952.

It follows, therefore, that if the plaintiffs were able to buy when the breach occurred and did not, they cannot throw upon the defendants any losses incident to their own failure to mitigate the injury as far as they reasonably could : Sedgwick on Damages (8th ed.), sec. 741; Marsh v. McPherson, 105 U. S. 709; Lawrence v. Porter, 63 Fed. Repr. 62.

In such a case the naming of the quantity is not regarded in the nature of a warranty, but only an estimate of the probable amount, and reference to which good faith is all that is required of the party making it : Brawley v. U. S., 96 U. S. 168.

Thus in McConnel v. Murphy, L. R. 5 P. C. 203, a sale of " all the spars, say about 600," the latter words were held to be words of expectation and estimate only.

*Theodore W. Reath,* with him *Thomas Reath* and *Albert B. Weimer,* for appellees.—The allegations of the affidavit of defense are pleas by way of confession and avoidance or set-off. Where the defense set up in an affidavit is of this nature, the facts relied upon must be set out fully and specifically, so that their relevancy and sufficiency may be determined by the court on a motion for judgment : Class v. Kingsley, 142 Pa. 636; Cosgrave v. Hammill, 173 Pa. 207; Hutton v. McLaughlin, 1 Pa. Superior Ct. 642.

Specific facts as to values must always be averred in such a case : Erie v. Butler, 120 Pa. 374; Ogden v. Beatty, 137 Pa. 197; Vollmer v. Magowan, 180 Pa. 110.

The meaning of the word " about " in a commercial contract

of sale has been settled for many years by a long and practically uniform course of decision: Cross v. Eglin, 2 B. & Ad. 106; Bourne v. Seymour, 16 C. B. 336; Norrington v. Wright, 115 U. S. 188.

. A still more recent case, however, disposes directly of such allegations of custom as are here relied upon by the plaintiff in the case at bar.   We refer to the following from the opinion of MITCHELL, J., in Weld v. Barker, 153 Pa. 465.

In the first place, it will be remembered that the statement charges, and the affidavit nowhere denies, that the breach by the defendant occurred on June 23, 1899, and therefore upon the pleadings it must be taken as the fact that the breach occurred on the last mentioned date.   All material facts in the statement will be taken as true, unless specifically denied in the affidavit: Ashman v. Weigley, 148 Pa. 61; Endlich on Affidavits of Defense, sec. 391.

The true rule which the courts apply has been well stated in the recent case of Southern Cotton Oil Co. v. Heflin, 99 Fed. Repr. 339.

OPINION BY W. D. PORTER, J., November 19, 1900:

The statement in this action alleged that the defendants, through an authorized agent, entered into a contract for the sale and delivery, at Philadelphia, to the plaintiffs of "Lot about one thousand (1,000) cases E. J. Peas, 'Andrews' Brand,' at 67½ cents per dozen;" that on June 23, 1899, the defendants finally and positively declined to comply with his contract; that the value of said 1,000 cases of canned peas at the contract price of sixty-seven and one half cents per dozen was $1,350, and the market or selling price of said goods was, at the time of the refusal of the defendants to comply with his contract, namely, on June 23, 1899, $1,760, so that by reason of the failure of the defendants to perform his contract he became indebted to the plaintiffs in the sum of $410.   The affidavit of defense admitted the making of the contract and the breach thereof by the defendants, but denied liability for the amount claimed by plaintiffs upon two grounds, viz: (1) That the plaintiffs were notified on June 16, 1899, that the defendants refused to deliver the goods under the contract; that on June 15, 1899, the goods were not worth more than sixty-seven and one half cents per

dozen, and that on June 23, 1899, the same, or similar peas, were not worth the sum of $1,760, as alleged by plaintiffs; (2) that the contract did not require the defendants to deliver the full number of 1,000 cases of canned peas, as the word " about " indicated an uncertainty as to quantity, and the defendants were only called upon to deliver such peas as they then had on hand, which did not exceed 700 cases.

The first ground of defense alleged is expressed in language which is vague, uncertain and evasive. The material allegation of the statement was that at the time of the breach, the market or selling price of the goods was $410 greater than the contract price. It is true the date of the breach is fixed as of June 23, 1899, but the material fact was the difference between the contract price and the market value at the time the breach occurred. The allegation of the affidavit of defense that the breach occurred on June 16, 1899, is, therefore, a denial of only a part of this branch of the plaintiffs' statement. The assertion that the price had not advanced on June 15, upon which day neither of the parties assert the breach of contract to have been complete, is immaterial. The defendants were called upon to deny that the market value of the goods was greater than the contract price at the time they refused to perform his contract. The assertion that the goods were not worth $1,760 on June 23, is insufficient, in that it does not state whether they were worth more or less than that amount, and if it be assumed that the language fairly implies an assertion that they were worth less than the amount stated, it was incumbent upon the defendants to say how much less. The allegation of the plaintiffs that the value which they placed upon the goods at the time of the breach was the market or selling price, required something more than the mere assertion of the opinion of the defendants that the goods " were not worth " that amount. While market price and market value do not necessarily mean the same thing, yet, where the article is such as is regularly for sale in the market, the one generally determines the other: Theiss v. Weiss, 166 Pa. 9.

The second ground of defense alleged is equally without merit. Had the contract contained a reference to any independent circumstance which identified the lot of goods intended to pass under the sale, or had the affidavit of defense

set forth facts sufficient to attach and limit the operation of the contract to a specific lot of goods, such as an entire lot deposited in a certain warehouse, or all that might be manufactured by the vendor at a certain establishment, or the entire cargo of a certain vessel, then the use of the word "about" in connection with the number of cases of goods upon which the contract of sale was to operate, would have given to that clause of the contract the effect of an estimate of the probable amount in the specific lot to which the contract applied: McConnell v. Murphy, L. R. 5 P. C. 203; Brawley v. United States, 96 U. S. 168. We find nothing in the contract, nor the affidavit, with reference to any independent circumstance which limited the source from which these goods were to come. The vendor might have manufactured them himself, or purchased them in the market; he simply undertook to deliver about 1,000 cases of goods of a certain quality. The addition of the qualifying word "about" in such a contract is only for the purpose of providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, weight or measure: Brawley v. United States, supra; Bourne v. Seymour, 16 C. B. 336; Cross v. Elgin, 2 B. & Ad. 106; Norrington v. Wright, 115 U. S. 188. In the entry of judgment by the court below there was no error.

Judgment affirmed.