## Pantall v. Rochester & Pittsburg Coal & Iron Company, Appellant.

*Mines and mining—Subsidence of surface—Damages.*

Where an owner of sixty acres of land institutes a suit against the owner of coal under the land to recover damages for a subsidence of the surface due to alleged improper mining, and in his statement limits his claim to only twenty-nine acres of the sixty acres, and notifies the defendant that he will claim damages for the injury to twenty-nine acres up to the date of the trial, and at the trial he recovers a verdict on which judgment is entered, he may subsequently maintain an action to recover damages for injuries to the other thirty-one acres, where it appears that surface indications of subsidence of the surface of the thirty-one acres began between the date of the institution of the first action, and the trial of the first action, although there had been no mining after the date of the institution of the first action.

Argued May 8, 1901. Appeal, No. 136, April T., 1901, by Rochester & Pittsburg Coal & Iron Company, from judgment of C. P. Jefferson Co., Nov. T., 1899, No. 97, on verdict for plaintiff in case of Theophilus Pantall v. Rochester & Pittsburg Coal & Iron Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for subsidence of surface caused by alleged improper mining. Before REED, P. J.

The facts appear in the points reserved quoted in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $675. Defendant appealed.

*Error assigned* among others was in discharging rule for judgment for defendant non obstante veredicto.

*B. M. Clark* and *A. L. Cole*, for appellant.—Separate actions cannot be maintained for damages to distinct parts of an entire tract: McGowan v. Bailey, 146 Pa. 572; Logan v. Caffrey, 30 Pa. 196; Buck v. Wilson, 113 Pa. 423; Sykes v. Gerber, 98 Pa. 183; Clegg v. Dearden, 12 Q. B. 576; Jaggard on Torts, 409; 1 Sutherland on Damages, sec. 106; Bell v. Allegheny County, 184 Pa. 296.

After all mining operations have ceased, successive actions cannot be brought without limit for successive subsidences: 1 Sutherland on Damages, sec. 113; Whitney v. Town of Clarendon, 18 Vt. 258; Darley Main Colliery Co. v. Mitchell, L. R. 11 App. Cas. 128; Lamb v. Walker, L. R. 3 Q. B. Div. 389; Backhouse v. Bonomi, 34 L. J. Q. B. 181; Funk v. Smith, 66 Pa. 27; McGowan v. Bailey, 146 Pa. 572; Hileman v. Hileman, 172 Pa. 323.

*Charles Corbet*, with him *George A. Jenks*, for appellee.— The right of action did not accrue until the subsidence became apparent: Lewey v. Fricke Coke Co., 166 Pa. 547; Backhouse .v. Bonomi, 9 House of Lords Cases, 503; McGuire v. Grant, 25 N. J. L. 356; McGowan v. Bailey, 146 Pa. 572; Jones v. Wagner, 66 Pa. 429; Fell v. Bennett, 110 Pa. 187; Kansas Pacific Ry. Co. v. Mihlman, 17 Kansas, 224.

There is no impropriety in a man dividing his farm into as many parts as there have been different trespasses on as many different parts of it, and laying each injury on the part where it was committed, provided they are sued for in the order of their occurrence and each suit is before the next trespass.

OPINION BY BEAVER, J., October 14, 1901:

The plaintiff was the owner of a tract of land, containing sixty acres, the coal under which had been sold and was mined by the defendant. The facts of the case and the legal questions involved, so far as they are necessary to be considered in the present appeal, are contained in the points reserved upon which judgment was entered for the plaintiff, a verdict having been rendered in his favor. They are as follows:    .

"1. That, on March 20, 1894, the plaintiff in this action brought suit against this same defendant to recover damages for the breaking down, subsiding and falling in of his surface land, due to the removal of the coal of the defendant from under the same, and restricted his claim to a part of the said tract of surface land owned by him, to wit: twenty-nine acres thereof and its appurtenances.

"2. That, on January 25, 1898, the plaintiff in that action served notice on the defendant that he proposed to claim damages up to the date of the trial of the same. That evidence, under and pursuant to this notice, was introduced by the plaintiff on the trial of said action accordingly, which action terminated in the verdict of a jury in his favor, May 19, 1898, on which a final judgment was thereafter had.

"3. That the present action has been brought to recover damages for the breaking down, subsiding and falling in of the surface on another part of the same surface land, of which the twenty-nine acres are a part, accruing since the former action was instituted, or since March 20, 1894.

"4. That no coal has been removed from under the plaintiff's surface land since March 20, 1894, and there is no testimony tending to show that there have been any breaks, subsidences or other disturbances of the surface land in suit, namely, to the thirty-one acres, since May 19, 1898.

"Upon this state of facts is reserved the question of law, namely: Is the plaintiff estopped and debarred by the action brought March 20, 1894, and the subsequent notice of an intention to claim damages therein up to the time of the trial of the same, from claiming damages to any part of his said surface land to which had accrued and for which a right of action existed prior to May 19, 1898?"

In the trial evidence in regard to any damages to the twenty-nine-acre tract subsequent to the former trial was ruled out, and all reference thereto was finally eliminated from the case, so that there remained for the consideration of the jury only the question of damages which had actually occurred prior to the date of the trial in the present case to the part of the sixty-acre tract, namely, thirty-one acres, which had not been included in the previous suit.

It may be admitted that the plaintiff could have brought his

first suit for all the damages upon his entire tract which had accrued to that date, and further that there could have been included such damages as might be reasonably expected from the failure of the defendant in his mining to provide suitable support for the surface: McGowan v. Baily, 146 Pa. 572. It appears from the evidence, however, that at the time of the bringing of the first suit the only visible damages were those which were occasioned by various subsidences of the land upon the twenty-nine acres included and specifically described in the plaintiff's first statement. The notice that he would claim damages resulting to him by other subsidences between the date of the bringing of the suit and the trial could not, of course, relate to a larger territory than was included in his statement, namely, twenty-nine acres. The question adjudicated in the previous suit was the damages sustained by the plaintiff upon the twenty-nine acres for which he declared, not only to the date of the institution of the suit, but to the date of trial. The court recognized these as being res adjudicata and eliminated from the trial all question of damage relating to the twenty-nine acres as to which there had been a previous recovery.

If it had clearly appeared by the evidence that there were surface indications of subsidences upon the thirty-one acre tract, such as appeared upon the twenty-nine acre tract, at the time of the institution of the first suit, a different question would be presented. The evidence, however, indicates that there was no surface appearance of such subsidences at that time. Whether or not it was possible to determine from the manner in which the coal was mined the sufficiency of the supports for the surface does not appear. If the mining had been negligently done and it had appeared from the testimony that the supports from under the entire farm had been withdrawn, the damages which had actually occurred and those which might reasonably be expected might well have been included in the first suit. There does not seem to have been evidence of that kind. Indeed the record of the testimony of the first suit is not printed and we have the questions tried therein brought to our attention only through the facts as stated in the court below as the basis of the reserved point and certain excerpts which were given in evidence in the present trial. There is evidence that, after the

institution of the first suit and before the trial, the surface indications of subsidences upon the remainder of the tract, as well as upon that included in the action then pending, became apparent. The defendant, however, went to trial upon the statement originally filed and the notice that damages would be claimed upon the land included in the statement down to the time of trial. He went to trial upon a record which claimed damages upon twenty-nine acres of land up to and including May 19, 1898, the time of the previous trial. As to that the plaintiff was concluded by the judgment and the court below so held, allowing a recovery in this case only for that portion of the tract lying outside of the lines of the twenty-nine acres as to the damages to which the recovery was previously had.

The question of the statute of limitations, as we understand it, does not clearly arise in this case. The court finds, as a matter of fact, that no coal had been removed from under the plaintiff's surface since March 20, 1894, but the date of the last mining does not clearly appear. This suit was brought September 16, 1899, and, therefore, within the statutory period.

We sustain this judgment on the ground that the plaintiff in his former suit circumscribed the area, within which he claimed damages, by definite metes and bounds. The issue was framed and the trial had upon this basis, the defendant making no complaint. In the present case the territory upon which and to which damages were claimed and for which they were recovered in the former case was definitely excluded from the consideration of the jury. Inasmuch as this clearly appears, we cannot see that the defendant suffered in any way, except from a multiplicity of actions which it would seem could not, under the circumstances be avoided.

Judgment affirmed.

ORLADY, J., dissents.