# Marston *v.* Trustees of The State Hospital for the Insane at Warren, Appellants.

*Contract—Architect—Hospital for the insane.*

In an action by a architect against the "Trustees of the State Hospital for the Insane at Warren, Pennsylvania," to recover on a contract for preparing plans and specifications for the erection of a building, it is not necessary that the contract should be in writing to make the defendants liable, nor is it necessary to include in the statement of claim the evidence of the authority of the several trustees to act as such, nor the regularity of their proceedings.

In such a case an affidavit of defense is insufficient which avers that the defendant was requested to prepare plans in accordance with an appropriation by the legislature of a certain sum of money; that the plans submitted by plaintiff required the expenditure of a considerably larger sum than the amount of the appropriation, and that no bids could be obtained to erect the building according to the plans for the amount of the appropriation.

*Practice, C. P.—Affidavit of defense—Averments of fact.*

A general denial of liability in an affidavit of defense is not sufficient. The facts on which the defendant relies should be set out with sufficient detail to enable the court to say whether or not they amount to a defense. Where the facts set forth are insufficient, it is unavailing for the defendant to aver that "there are other matters of defense which deponent is advised that it is not now necessary to specify.

Argued May 23, 1901.   Appeal, No. 133, April T., 1901, by defendants, from order of C. P. Warren Co., Sept. T., 1900, No· 15, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.   Affirmed.

Assumpsit on a contract.

Plaintiff's statement was as follows:

This suit is brought to recover the sum of $900, $875 of which is the amount due plaintiff from defendants for his services as an architect in making and furnishing plans, specifications and estimates for a certain building to said defendants, at their request, on or about July 1, 1899, and $25.00 of which is the amount due plaintiff from defendants for an extra set of said plans and specifications furnished to said defendants at

their request, with interest from December 1, 1899, as set forth in a statement of account, a true and correct copy of which is annexed to this statement and made part hereof.

The defendants requested the plaintiff to submit to them plans and specifications for a building of the estimated cost of $25,000, and in accordance with said request the said plans and specifications were made and delivered to the said defendants by the plaintiff and were accepted and approved by them and were also approved by the state board of charities.

It was understood and agreed between the plaintiff and de-- fendants at the time of his being requested by them to submit plans and specifications as aforesaid, that his compensation for the same, if they were accepted, was to be three and one half per cent on the estimated cost of $25,000, and the said charge of three and a half per cent upon the estimated cost of $25,000 is the reasonable and proper value of said services, and at the usual and customary rate of compensation for such services as were rendered by plaintiff to defendants and was known to the defendants to be the usual and customary rate for such services when they requested plaintiff to submit plans and specifications, and when they accepted the said plans and specifications.

The affidavit of defense was as follows:

S. W. Waters being duly sworn according to law deposes and says, that he is one of the above named defendants; that he is advised that the plaintiffs' statement as filed does not call for or require from the defendants any affidavit of defense, and that the plaintiff is not entitled to have an affidavit of defense filed thereto; nevertheless, he is informed, believes, and expects to be able to prove upon the trial of the cause, as follows: The defendants deny the agreement to be as stated by the plaintiff. The commonwealth of Pennsylvania made an appropriation of the sum of $25,000 for the erection of a certain building.

The plaintiff, Marston was requested to prepare plans and specifications for the erection of a building in accordance with the appropriation which could be erected and completed for the sum of $22,000, in accordance with the appropriation made by the act of assembly. Nevertheless, it was found the plans and specifications submitted by said plaintiff Marston, required the expenditure of a considerably larger sum of money than the

$25,000, for the erection and construction of said building, and it was found when bids were submitted for the erection of the building that no bidders could be obtained to erect and complete the said building for the sum of $25,000, and that said building could not be erected and completed according to the said plans and specifications of said plaintiff Marston, for the said sum of $25,000. There are other matters of defense which deponent is advised that it is not necessary now to particularly specify, and further deponent saith not.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*D. I. Ball*, for appellants.

*Edward Lindsey*, with him *James O. Parmelee*, for appellee.

OPINION BY ORLADY, J., December 16, 1901:

This action was brought against the defendants in the name and title designated by the act of assembly under which the Warren Hospital was organized. The writ was served upon the president and the secretary of the board of trustees, who caused a general appearance to be entered for them. The affidavit of defense filed by one of the trustee's questions the sufficiency of the statement. The plaintiff's claim as set out in the statement is for services as an architect in making and furnishing plans, specifications and estimates for a certain building to said defendants as set forth in a statement of account annexed and made part thereof, and that the plans were executed by the plaintiff and accepted and approved by them and were also approved by the state board of charities. The statement of account is but explanatory of the facts averred in the body of the statement, and is no more than a calculation of the amount claimed by the plaintiff. It is not necessary that the contract should be in writing to make the defendants liable : Helping Hand Building & Loan Assn. v. Buss, 13 Pa. Superior Ct. 343.

The nature and extent of the plaintiff's claim is set forth in clear and concise terms and it was not necessary to include in the statement the evidence of the authority of the several trus-

tees to act as such nor the regularity of their proceedings: Gould v. Gage, 118 Pa. 559 ; Murdock v. Martin, 132 Pa. 86; Chestnut St. Nat. Bank v. Ellis, 161 Pa. 244.

The affidavit admits that the plaintiff was requested to prepare the plans and specifications for the erection of a building in accordance with an appropriation, etc., and it does not deny that they were accepted and approved by them, which fact must be taken as admitted : Ashman v. Weigley, 148 Pa. 61.   It is not stated " when " it was found that the plans required the expenditure of a larger sum than the appropriation, nor " when " the bids were submitted, nor that the defendants accepted or approved them conditionally, nor that they did not have full authority to so accept and approve them.   When the plans were finally accepted and approved by them, the plaintiff had performed his contract and was entitled to pay for his services.   A general denial of liability is not sufficient and the facts on which the defendant relies should be set out with sufficient detail to enable the court to say whether or not they amount to a defense : Roberts v. Andrews, 15 Pa. Superior Ct. 305; Superior Nat. Bank v. Stadelman, 153 Pa. 634 ; Class v. Kingsley, 142 Pa. 636.   The fact as stated in the affidavit that, " there are other matters of defense which deponent is advised that it is not now necessary to specify," does not aid in passing on the sufficiency of the facts as set forth in the affidavit as filed and the court did not err in refusing to permit a supplemental affidavit to be filed after the rule for judgment had been argued and had been made absolute.

It is alleged, that, it was found that the plans required the expenditure of a larger sum of public money than was available at that time, but it is not intimated that this objection was chargeable to the architect, nor that they were defective in any particular.   The fact that third parties did not accept the plaintiffs' plans and estimates would not prevent the recovery of his claim unless it was provided that the plans and estimates should have their concurrence.

The judgment is affirmed.

BEAVER, J., and W. D. PORTER, J., dissent.