## Stegmaier *v.* Keystone Coal Company.

*Equity—Equity pleading—Answer—Demurrer—Appeals—Interlocutory order.*

1. Under equity rule 31 a defendant is permitted to answer to a part of a bill and demur to a part, but he may not answer and demur also to the whole bill or to the same part of it.

2. An order overruling a demurrer is interlocutory and no appeal lies from it.

Argued April 10, 1911. Appeal, No. 147, Jan. T., 1910, by Victoria Schmitt, from decree of C. P. Luzerne Co., Oct. T., 1909, No. 10; overruling demurrer to bill in equity in case of C. E. Stegmaier and Louis S. Forve, Executors of Charles Stegmaier, deceased, and H. E. Meeker v. Keystone Coal Company and Victoria Schmitt, Executrix, Intervenor. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for the appointment of a trustee.

The court overruled a demurrer to the bill.

*Error assigned* was the decree of the court.

*John McGahren*, with him *Edmund G. Butler*, for appellant.

*William S. McLean,* with him *George R. McLean,* for appellees.

PER CURIAM, May 23, 1911:

This appeal is from an order overruling a demurrer to a bill in equity for the appointment of a trustee to take the place of a deceased trustee to whom a mortgage was made to secure bonds of a corporation. The appellant answered a part of the bill and demurred to the whole of it. It was said in Barbey's Appeal, 119 Pa. 413, that under equity rule 31, a defendant is permitted to answer a part of a bill and demur to a part but that he may not answer and demur also, to the whole bill or to the same part of it. Moreover, the order overruling the demurrer was interlocutory and no appeal lies from it: Arnold v. Russell Car & Snow Plow Co., 212 Pa. 303.

The appeal is dismissed at the cost of the appellant.