Herman, Assignee, *v.* World Fire & Marine Insurance Company, Appellant.

Argued November 19, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler* and *Harry S. Ambler, Jr.,* for appellant.

*LeRoy Comanor*, with him *Levi, Mandel & Miller*, for appellee.

PER CURIAM, January 29, 1937:

The discharge of a rule to strike off a plaintiff's statement of claim, or amended statement of claim, and enter judgment of non pros. is an interlocutory order from which no appeal lies: *Deardorff v. Continental Life Ins. Co.*, 297 Pa. 289, 146 A. 816; *Stegmaier v. Keystone Coal Co.*, 232 Pa. 140, 81 A. 187; *Scanlon v. Suter*, 158 Pa. 275, 27 A. 963; *Industrial Acceptance Corp. v. Sickler*, 97 Pa. Superior Ct. 152, 156; *Security T. & T. Co. v. Welsh et al.*, 104 Pa. Superior Ct. 502, 504, 159 A. 227.

On the other hand, an appeal does lie from an order striking off a statement of claim and entering judgment of non pros., for it is a final order; it ends the suit: *Murdock v. Martin*, 132 Pa. 86, 96, 18 A. 1114. See also *Long v. McAllister*, 275 Pa. 34, 39, 118 A. 506; *Rhodes v. Terheyden*, 272 Pa. 397, 401, 116 A. 364.

The present appeal will, therefore, be quashed.

To avoid unnecessary litigation, we have examined the pleadings and may say that we are in substantial agreement with the opinion of the learned judge of the court below discharging the rule.

While the plaintiff's cause of action could have been stated more clearly and definitely than was done in her statement of claim and amended statement, we are satisfied that her action is upon the policy of insurance attached to the statement: *Grier Bros v. Northern Assurance Co.*, 183 Pa. 334, 343, 344, 39 A. 10. The additional matters averred in the amended statement did not set up a new and different cause of action, amounting to an action in deceit, but were pleaded in support of her allegation that the time limitation in the policy —one year—within which an action must be brought, had been waived by the acts and conduct of the insur-

ance company, through its duly authorized agents. See *Arlotte v. National Liberty Insurance Co.*, 312 Pa. 442, 167 A. 295. The distinction between an alleged promise to pay the insurance money, made after a rejection of the claim, but within three months after the fire, as in *Grier Bros. v. Northern Assurance Co.*, supra, and conduct amounting to a waiver of the limitation of time for bringing suit, as in the *Arlotte* Case, supra, is clear. See also, *Fritz v. British America Assurance Co.*, 208 Pa. 268, 57 A. 573.

The court below was not concerned, nor are we, on this appeal, with the ability of the plaintiff to establish her claim that the acts and conduct of the defendant company, through its duly authorized agents, amounted to a waiver of the time limitation in the policy contract. The sufficiency of her evidence, in that respect, will be determined on the trial, in the light of the decisions on the subject, among which may be cited: *Collins v. Home Ins. Co.*, 110 Pa. Superior Ct. 72, 167 A. 621; *Abolin v. Farmers etc. Ins. Co.*, 100 Pa. Superior Ct. 433; *Beatty v. Lycoming Mut. Ins. Co.*, 66 Pa. 9, 17; *Waynesboro Mut. Fire Ins. Co. v. Conover*, 98 Pa. 384; *Hocking v. Howard Ins. Co.*, 130 Pa. 170, 18 A. 614; *Fritz v. British America Assurance Co.*, supra.

The appellant has not complied with our Rule 45(3), in that it has neglected to print the opinion of the court below on the rule for judgment upon the affidavit of defense raising a question of law in lieu of demurrer, but in view of our disposition of the case this becomes unimportant.

The appeal is quashed as interlocutory.