## Flintosh, Admr., v. Elko

*Anthony Cavalcante* and *John W. Mentzer*, for plaintiff.

*Wingerd & Long*, and *John P. Sipes*, for defendant.

SHEELY, P. J., August 2, 1943.—Defendant's attorneys of record filed a petition for a more specific statement of claim which was verified by the affidavit of one of them. Plaintiff, in her answer, contends: (1) That such a petition can be filed only by a party to the record; (2) that the matters concerning which petitioner desires a more specific statement are matters fully within the knowledge of defendant.

There is no merit whatever in the first contention of plaintiff. Petitions or motions for more specific statements of claim raise purely legal questions which are determined on the face of the record. There are no facts alleged which are required to be verified by affidavit under Pa. R. C. P. 206 or under any statute. See Act of April 9, 1915 P. L. 72, 12 PS §514, Pinegrove National Bank v. Dietrich, 21 Schuyl. 299, and Bon-

brake v. West Virginia Pulp Products Co., 45 Pa. C. C. 191. Consequently there is no reason why an attorney of record cannot make such a petition or motion on behalf of his client.

The second contention of plaintiff cannot be sustained. While one purpose of the statement of claim is to inform defendant of the nature and basis of plaintiff's claim, it has also a broader function. It defines the issues to be tried and limits the testimony to be produced. Presumably all facts in connection with a cause of action are within the knowledge of defendant, but that does not relieve plaintiff from pleading them.

The accident in this case occurred while plaintiff's decedent was operating a car owned by defendant, and was caused by the bursting of a tire. Plaintiff avers in paragraph 9 that "one or more of the tires burst", but does not specify how many or which ones. In paragraph 10 she avers that the negligence of defendant consisted in not maintaining the tires and equipment of said automobile in a safe and proper condition, and in failing to acquaint decedent with the unsafe and improper condition of the tires and equipment, and in permitting and inducing decedent to operate said automobile when the defendant knew, or by reasonable prudence should have known, that the accessories and equipment of the automobile were defective or unsafe for the operation of the automobile by decedent, and generally in failing to have said automobile in a safe and proper condition for travel.

As contended by defendant, these allegations would permit plaintiff to introduce evidence of defects in any part of the car, although the only parts specifically mentioned are tires. The danger to defendant of going to trial without objecting is illustrated in King et al. v. Brillhart, 271 Pa. 301, 305, where it was held that a defendant waived defects in the statement by going to trial without objecting. In a case of this type "facts must be averred sufficient to show that a duty required

by law has been breached, or neglected, by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of": Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1 (syllabus). The statement of claim in this case clearly violates this rule.

There is a line of cases, illustrated by Murdock v. Martin et al., 132 Pa. 86, 95, which hold that it was not the intention of the legislature to require the plaintiff to embrace in his statement of claim what, in the very nature of the particular case, he could not know, and the knowledge of which was wholly within the power of his adversary. Where a plaintiff has been injured and defendant alone knows the facts and circumstances surrounding the injury, plaintiff should not be barred because of his inability to plead such facts. But this does not appear to be a case of that type and, in any event, plaintiff cannot engage in a fishing expedition by filing a general statement.

The final objection is to the statement of damages. Plaintiff alleges that prior to his death decedent "was earning and receiving wages or income sufficient to enable him to comfortably support the plaintiff, his wife, and the said Gabriel Flintosh, his son . . ." and that as a result of his death "the estate of the said John Flintosh has suffered the loss of the earnings during the life expectancy of the decedent". Defendant is entitled to know the age, the earnings, and the place of employment of decedent, as well as the amount of earnings alleged to be devoted to the maintenance of his wife and child.

Plaintiff also claims that she will be required to expend large sums of money in the payment of debts and other liabilities "in which the decedent died seized" and which she has incurred as a result of his death. Just how defendant would be liable for debts of decedent is not clear, but in any event he is entitled to a specific statement of the claim.

Plaintiff finally claims for funeral expenses of "approximately $1000". Defendant is entitled to an itemization of these expenses: Dixie Manufacturing Co. v. Philip Lebzelter & Son Co., 28 Dist. R. 723.

And now, August 2, 1943, the rule for a more specific statement of claim is made absolute and plaintiff is directed to file a more specific statement of claim within 15 days of this date.